IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

KENNETH HARRY,

                    Plaintiff,

    v.

MUNICIPALITY OF ANCHORAGE, *et al.*,

                    Defendants.

Case No. 3:21-cv-00205-JMK

## ORDER OF DISMISSAL

On September 9, 2021, Kenneth Harry, a self-represented litigant, filed a Complaint under The Civil Rights Act, 42 U.S.C. § 1983, along with a civil cover sheet and an Application to Waive Prepayment of the Filing Fee.[1] On October 7, 2021, he filed a "Motion for Clarification and to Proceed to Emergency Injunction Phase of these Proceedings and to Waive any and or all filing fees."[2]

**I.    Complaint**

Mr. Harry alleges suit under the Supremacy Clause of the U.S. Constitution and 42 U.S.C. § 1983.[3] He names the (1) Municipality of Anchorage, (2) Alaska Legislature, and (3) Anchorage Police Department as defendants.[4]

---

[1] Dockets 1–3.

[2] Docket 5.

[3] Docket 1 at 1.

[4] Docket 1 at 2.

In essence, Mr. Harry's Complaint centers on his state court criminal matter, *Municipality of Anchorage v. Harry*, Case No. 3AN-16-09213CR. The Court takes judicial notice that Mr. Harry pleaded no contest and was sentenced to misdemeanor Operating Under the Influence on June 2, 2017.[5] In brief summary, Mr. Harry alleges:

- Claim 1: The Municipality of Anchorage violated Mr. Harry's right to due process from 2015–2016 by arresting and prosecuting him for Operating Under the Influence in a vehicle that could not physically operate.[6]

- Claim 2: The Alaska Legislature violated his right to be free from cruel and unusual punishment from 2015–2016 by "it's vague [nonsensical] terminology" and legislating the requirement of an ignition interlock device, which is a bill of pains and violates double jeopardy.[7]

- Claim 3: The Anchorage Police Department arrested and convicted him "where [he] had committed no crime" and "at no juncture did APD witness me, or have report, that I operated a vehicle under the influence."[8]

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201. *Municipality of Anchorage v. Harry*, Case No. 3AN-16-09213CR docket entry dated June 2, 2017 ("Case Closed. Case closed after disposition of No Contest Plea After Arraignment on 06/02/2017." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

[6] Docket 1 at 3.

[7] Docket 1 at 4.

[8] Docket 1 at 5.

For relief, Mr. Harry requests (1) damages of $10,000,000.00; (2) punitive damages of $50,000,000.00; (3) an order to "[cease] and desist the harmful actions"; (4) a declaration that "the term operating is overbroad"; (5) a declaration that Alaska Stat. § 11.41.410(a)(1) is vague and overbroad; and (6) "an emergency injunction that halts the continuing injury."[9]

## II. Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[10] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its

---

[9] Docket 1 at 7.

[10] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that

Case No. 3:21-cv-00205-JMK, *Harry v. Municipality of Anchorage, et al.*
Order of Dismissal
Page 3 of 7
Case 3:21-cv-00205-JMK   Document 6   Filed 11/12/21   Page 3 of 7

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14]

## III. Discussion

For the reasons explained below, Mr. Harry fails to state a claim upon which relief can be granted. Therefore, this action must be dismissed.

### a. Supremacy Clause

The Supremacy Clause of the U.S. Constitution provides that when Congress legislates pursuant to its powers federal law preempts any conflict with state law.[15] The Supremacy Clause is not a source of federal rights and does not create a private cause of action.[16] Plainly, individual litigants cannot sue under the

---

are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 210–11 (1842).

[16] *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015).

Supremacy Clause. Accordingly, Mr. Harry may not bring suit under the Supremacy Clause of the U.S. Constitution.

    b.    <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[17] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[18] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[19] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[20]

A convicted person may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. Where a § 1983 action alleges constitutional violations that would necessarily question or concern the validity of a state court conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been "reversed on direct appeal, expunged by

---

[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[20] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

Case No. 3:21-cv-00205-JMK, *Harry v. Municipality of Anchorage, et al.*
Order of Dismissal
Page 5 of 7
Case 3:21-cv-00205-JMK   Document 6   Filed 11/12/21   Page 5 of 7

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[21] This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[22]

As a threshold requirement in order for Mr. Harry to procced on these claims, he must demonstrate that his conviction has been overturned on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus—which he has not and cannot do. All of Mr. Harry's allegations grow out of his June 2, 2017, conviction to misdemeanor Operating Under the Influence. Mr. Harry's express purpose of this suit is to undermine the validity of his conviction as evidenced by the defendants named, his civil rights allegations, and the relief requested. Mr. Harry disagrees with the facts by which he plead no contest; the law under which he was convicted and sentenced; and that Alaska law requires an ignition interlock device for those convicted of operating under the influence. *Heck v. Humphrey* expressly prohibits federal district courts from entertaining these types of allegations, because they seek to undermine state court determinations and sentences. The Court cannot grant

---

[21] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[22] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Case No. 3:21-cv-00205-JMK, *Harry v. Municipality of Anchorage, et al.*
Order of Dismissal
Page 6 of 7
Case 3:21-cv-00205-JMK   Document 6   Filed 11/12/21   Page 6 of 7

such relief in a civil action, nor can these claims proceed due to the bar imposed by *Heck v. Humphrey*.

Mr. Harry fails to state a claim upon which relief can be granted. Therefore, this action must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall enter a final judgment.

DATED this 12th day of November, 2021, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00205-JMK, *Harry v. Municipality of Anchorage, et al.*
Order of Dismissal
Page 7 of 7
Case 3:21-cv-00205-JMK   Document 6   Filed 11/12/21   Page 7 of 7